UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA FOSTER,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:17-cv-436

## OPINION

This matter is before the Court on <u>Plaintiff's Renewed Motion to Transfer Venue</u>. (ECF No. 34). For the reasons stated below, Plaintiff's motion is **denied** and this matter is **dismissed for failure to prosecute and failure to comply with the Court's Orders**.

Plaintiff initiated the present action on May 12, 2017, challenging the denial of her claim for Supplemental Security Income (SSI) benefits. On July 20, 2017, the Court entered a notice directing the filing of briefs. (ECF No. 11). On August 16, 2017, Plaintiff filed a motion to extend the briefing schedule, which the Court granted. (ECF Nos. 17, 19). On October 3, 2017, Plaintiff again requested an extension of time to file her brief, which the Court granted. (ECF Nos. 25, 28). Plaintiff was ordered to submit her brief no later than November 14, 2017. As of November 28, 2017, Plaintiff had still failed to submit her initial brief. Accordingly, the Court issued to Plaintiff an Order to Show Cause directing her to show cause why this matter should not be dismissed for failure to prosecute and failure to comply with the Court's Orders. (ECF No. 33).

On December 8, 2017, Plaintiff responded to the Court's Order to Show Cause by filing a second motion to transfer venue. Plaintiff previously moved to transfer this matter to the Northern District of California. (ECF No. 29). The Court denied Plaintiff's motion, observing that "the address included in [Plaintiff's] motion, certificate of concurrence and proof of service all reflect Elk Rapids, Michigan. Plaintiff has failed to demonstrate that she doesn't live within the Western District of Michigan, thus making transfer to another district inappropriate." (ECF No. 32).

In her renewed motion to transfer venue, Plaintiff still has failed to demonstrate that she does not reside within the Western District of Michigan. The address which Plaintiff has provided to the Court, as reflected on the docket sheet, is Elk Rapids, Michigan. In both her renewed motion to transfer venue and the accompanying certificate of concurrence, Plaintiff lists her address as Elk Rapids, Michigan. (ECF No. 34-35). Plaintiff argues that the Court should disregard these facts and instead focus on the location from which her pleadings were mailed. While such facts are of questionable relevance and are certainly not dispositive, a review of the FedEx labels reveals that Plaintiff's renewed motion to transfer venue and certificate of concurrence were both mailed from Williamsburg, Michigan, a small town just south of Elk Rapids, Michigan. Accordingly, Plaintiff's renewed motion to transfer venue is denied as Plaintiff has failed to establish that she does not reside in the Western District of Michigan.

In light of Plaintiff's failure to file her brief, despite multiple extensions of time, dismissal is appropriate. As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors weigh in favor of dismissal. Plaintiff's failure to prosecute this matter is intentional. Defendant is certainly prejudiced by Plaintiff's failure to comply with this Court's Orders. Finally, Plaintiff was expressly warned that failure to comply with the Court's Order to Show Cause and prosecute this matter could result in the dismissal of this matter. However, because Plaintiff appears pro se, her case will be dismissed without prejudice. Accordingly, this matter is hereby dismissed without prejudice for failure to prosecute and comply with the Court's Orders.

IT IS SO ORDERED.


Dated: December 28, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge